[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 23, 2008
THOMAS K. KAHN
CLERK

No. 07-14038
Non-Argument Calendar

_____

D. C. Docket No. 06-20679-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANFORD GREEN,
a.k.a. Stanford Lundy Green,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 23, 2008)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Stanford Green appeals his conviction for making or aiding and abetting a

false statement in connection with acquiring a firearm, in violation of 18 U.S.C. § 922(a)(6), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, he argues that his conviction should be reversed because the district court erroneously admitted prejudicial evidence of his prior purchase of three firearms which occurred about 13 months prior to the crimes at issue in this case and for which he was not charged.  At the very least, Green argues that a limiting instruction should have been given regarding the evidence of this uncharged criminal conduct.

We review a district court's evidentiary rulings for an abuse of discretion. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006), cert. denied, ___ U.S. ___, 127 S.Ct. 1305 (2007) and we find none here.  Evidence of the September 2005 transaction was sufficiently intertwined with the events involved in this trial that it cannot be said that there was an abuse of discretion in admitting the evidence.  Nor do we find any error in the failure to give a specific limiting instruction, especially as  Green failed to request such a limiting instruction.

**AFFIRMED.**